**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            No. 4:02CR00153 JLH

WILBURN L. DANIELS                                                                          DEFENDANT

**ORDER**

Wilburn L. Daniels has filed a motion for sentence reduction based upon the reduction in the guideline range for defendants who are convicted of distributing crack cocaine and based on the amendment that rendered the crack cocaine reduction retroactive.

The record shows that Daniels entered a plea of guilty to three counts in a superseding information. Count 1 charged Daniels with conspiracy to distribute more than 50 grams of cocaine base; Count 2 charged him with using a communication facility in committing a felony offense; and Count 3 charged him with possession of a firearm in relation to a drug trafficking offense. The parties stipulated that Daniels should be held responsible for 1.5 kilograms of cocaine base for sentencing purposes and that the sentence on all three counts should run consecutively. Because Daniels was responsible for 1.5 kilograms of cocaine base, his offense level was 38. He received a three level reduction for acceptance of responsibility, which made his final offense level 35. He had 13 criminal history points for a criminal history category of VI. Based on an offense level of 35 and a criminal history category of VI, the guideline imprisonment range was 292 months to 365 months. However, the statutory maximum was 168 months (60 months for Count 1, 48 months for Count 2, and 60 months for Count 3). U.S.S.G. § 5G1.1(a) provides, "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the

statutorily authorized maximum sentence shall be the guideline sentence." Because the statutory maximum was below the guideline range, the statutory maximum was the guideline sentence.

Under the current drug quantity table in U.S.S.G. § 2D1.1, 1.5 kilograms of cocaine base would result in an offense level of 36 and reducing that level by 3 for acceptance of responsibility would result in a final offense level of 33. Using the current sentencing table, an offense level of 33 with a criminal history category of VI would result in a guideline range of 235 to 293 months, which is still more than the statutory maximum of 168 months. Thus, if the crack cocaine guideline reduction was applied retroactively, Daniels's sentence would still be 168 months.

U.S.S.G. § 1B1.0(a)(2)(B) provides that a reduction in the defendant's term of imprisonment is not authorized if the amendment in question does not have the effect of lowering the defendant's applicable guideline range. Here, the amendment in question does not have the effect of lowering Daniels's applicable guideline range. Because the statutory maximum for Daniels was less than the otherwise applicable guideline range, the statutory maximum was the guideline sentence. The statutory maximum is still the guideline sentence. The reduction in the sentencing guideline range for crack cocaine cases has no effect on Daniels's sentence. Therefore, the motion to reduce the sentence based on the guideline changes is DENIED. Document #164.

IT IS SO ORDERED this 5th day of May, 2008.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE